**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| NOEL D. F. WARMINGTON | : | DOCKET NO. 2:05-cv-2198<br>Section P |
| VS. | : | JUDGE TRIMBLE |
| UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Noel D. F. Warmington. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

## FACTS

On December 1, 2005, petitioner filed a motion to reopen his application for naturalization in the United States District Court for the District of Massachusetts. By order dated December 9, 2005, the district judge in Massachusetts construed petitioner's motion as a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 and ordered that it be transferred to this court since petitioner is detained at the Federal Detention Center in Oakdale, Louisiana.

Petitioner states in his petition that he is a native of Jamaica and that he has been a lawful permanent resident of the United States since 1984. In 2001, petitioner filed an application for naturalization. He indicates that he passed the citizenship examination and was interviewed by an immigration official. During the interview, the immigration official requested that petitioner provide documentation concerning the disposition of his arrest and allegedly told petitioner that he would receive a letter informing petitioner when to produce that information. Petitioner states that he never received such a letter but that he has since been informed that his naturalization application was denied because he

failed to provide the information within the time allowed. Petitioner states that he now faces deportation.[1] He claims that he is not subject to removal because he is a national of the United States. He seeks to have the court order the Department of Homeland Security to reopen petitioner's application for naturalization.

## LAW AND ANALYSIS

**I.    Nationality Claim**

Petitioner states that he is not subject to removal because he is a national of the United States. To the extent that petitioner seeks to have this court declare him a national of the United States, it lacks the jurisdiction to do so.

INA § 360(a) [8 U.S.C. § 1503(a)] provides a means by which a person can invoke 28 U.S.C. § 2201 to bring an action in federal court for a declaration of United States nationality. This statute provides in pertinent part as follows:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him a national of the United States, except that no such action may be instituted in any case if the issue of such person's status as a national of the United States (1) arose by reason of, or in connection with any removal proceedings under the provisions of this or any other act, or (2) is in issue in any such removal proceeding.

Because petitioner is now the subject of removal proceedings, the clear wording of the statute precludes petitioner from seeking a declaration of nationality under this provision. *See Austin v. Immigration & Naturalization Service*, 308 F.Supp.2d 125, 127 (E.D.N.Y. 2004); *Allen v. Adams*, 2004 WL 838011 (W.D. Tex. 2004); *Brathwaite v. Ashcroft*, 2003 WL 22947484, n.1 (N.D. Tex. 2003); *Chau v. Immigration & Naturalization Service*, 247 F.3d 1026, 1028 n.2 (9th Cir. 2001)("once removal

---

[1]The undersigned's office has confirmed through the Immigration Court Information System that removal proceedings are currently pending against the petitioner. The Immigration Court Information System is a telephonic, computerized service that provides status reports on past and pending immigration proceedings. This system may be reached at 1-800-898-7180, and it requires the petitioner's alien number (A38576167).

proceedings have been initiated, a petition for review under 8 U.S.C. § 1252(b)(5) is the only avenue by which a person may seek judicial determination of his or her status as a national of the United States. *Cf* 8 U.S.C. § 1503(a) (declaratory judgment action under 28 U.S.C. § 2201 may not be instituted if nationality is put at issue by removal proceedings.)").

Petitioner may raise his nationality claim in his removal proceedings. If such claim is unsuccessful and petitioner becomes subject to a final order of removal, he may seek judicial review of his nationality claim in the appropriate court of appeals. INA § 242(b)(5).

**II.     Review of Denial of Application for Naturalization**

Petitioner states that his application for naturalization was denied following his interview with an immigration official. He seeks to have the court review this denial and order the Department of Homeland Security to re-open his naturalization application.

INA § 310(c) [8 U.S.C. § 1421(c)] provides for judicial review of the denial of a naturalization application. This statute provides in pertinent part as follows:

> **(c) Judicial review**
> A person whose application for naturalization under this title is denied, after a hearing before an immigration officer under section 336(a) [8 U.S.C. § 1447(a)], may seek review of such denial before the United States district court for the district in which the person resides. . . .

The language of the statute makes it clear that "[c]ourts may review the denial of an application for naturalization only after it has been reviewed in an administrative hearing before an immigration officer." *Idahosa v. Bureau of Immigration & Customs Enforcement*, 111 Fed.Appx.293 (5th Cir. 2004); *Aparicio v. Blakeway,* 302 F.3d 437, 440 (5th Cir. 2002); *Adiemereonwu v. Gonzales*, 2005 WL 1206878, *3-4 (N.D. Tex. 2005). Because administrative review is a statutory prerequisite for judicial review, petitioner's failure to exhaust the available administrative remedies deprives the district court of jurisdiction to review the denial of his application for naturalization. *Id.;* 8 CFR § 336.2

Further, even if this court had jurisdiction to review the denial of petitioner's naturalization

3

application and granted petitioner the relief sought, the Attorney General would be precluded from considering petitioner's naturalization application at this time because of the removal proceedings currently pending against him. INA § 318 [8 U.S.C. § 1429] ("no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant or arrest issued under the provisions of this or any other Act").

For these reasons,

IT IS RECOMMENDED that the petition for writ of *habeas corpus* be DENIED AND DISMISSED.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 18th day of January, 2006.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE